UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES K. CASON,<br><br>    Plaintiff,<br><br>    v.<br><br>CALIFORNIA CHECK CASHING STORES,<br><br>    Defendant. | Case No. 13-cv-03388-JCS<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND UNDER 28 U.S.C. § 1915** |

## I. INTRODUCTION

Plaintiff filed this action against California Check Cashing Stores, asserting claims for "intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, and coercion." Having previously granted Plaintiff's Application to Proceed in Forma Pauperis, the Court now considers whether Plaintiff's Complaint must be dismissed under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis complaint that is frivolous or malicious or fails to state a claim. Plaintiff has consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the Court finds that the Court lacks subject matter jurisdiction over Plaintiff's complaint and therefore dismisses Plaintiff's complaint with leave to amend. **The Case Management Conference set for Friday, November 8, 2013 is vacated.**

## II. ALLEGATIONS IN THE COMPLAINT

Plaintiff filed a form complaint asserting federal jurisdiction on the basis of diversity. Complaint at 2. He alleges that Defendant's address is in Dublin, Ohio. *Id*. at 2. Plaintiff resides in Oakland, California. *Id*. He further alleges that the events that are the basis of the complaint took place at a California Check Cashing Store located on Telegraph Avenue, in Oakland,

California. *Id*. at 2-3.

In his statement of facts, Plaintiff alleges that on October 19, 2012 he purchased an Insight Cards Debit Card from Defendant California Check Cashing Stores in the amount of $750. *Id*. at 4. Plaintiff purchased the prepaid debit card in order to buy a saxophone that was being sold on eBay at a sale price of $695. *Id*. According to Plaintiff, the same saxophone ordinarily sells for nearly $3,000. *Id*. The clerk informed Plaintiff that the card was already activated but that he would need to call a number on the back of the card to get a PIN number. *Id*. Subsequently, Plaintiff learned that the card had not been activated; moreover, he was unable to obtain a PIN through Defendant's (800) number. *Id*. He tried to obtain a PIN through Defendant's web site, but the number he believed was the PIN was rejected when he attempted to purchase the saxophone on eBay. *Id*. at 5. Consequently, Plaintiff was unable to purchase the saxophone. *Id*.

On October 20, 2012, Plaintiff returned to the same location of California Check Cashing Stores where he had purchased the debit card and asked for his money back. *Id*. Although the clerk agreed to give him a refund, she told Plaintiff he would need to enter his PIN number. *Id.* When Plaintiff entered the PIN he had obtain on Defendants' web site, it was again rejected, and the clerk called a manager. *Id*. The manager told Plaintiff and the clerk that the PIN had been rejected because of "irregularities" in Plaintiff's identification. *Id*. Plaintiff was asked to produce other valid identification but the clerk "categorically and summarily" refused to accept it. *Id*. According to Plaintiff, "[a]fter about 45 minutes of the clerk and her associate screaming at [him] and vilifying [him] in the store, [he] urinated on [himself] and left the CCCS store totally humiliated." *Id*.

Plaintiff seeks actual damages in the amount of $3,960.00, consisting of the $750 used to pay for the debit card ("which the CCCS clerk forced me to use as a credit card and not a debit card pending my producing my Social Security card as additional identification") and $2,989.00, which is the post-sale price of the saxophone Plaintiff had sought to purchase with the debit card. *Id*. at 6. In addition, Plaintiff seeks $10,000,000 in punitive damages. *Id*.

## III. ANALYSIS

### A. Legal Standard

Where a plaintiff is found to be indigent under 28 U.S.C. § 1915(a)(1) and is granted leave to proceed in forma pauperis, courts must engage in a screening and dismiss any claims which: (1) are frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see *Marks v. Solcum*, 98 F.3d 494, 495 (9th Cir. 1996). Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings that lack such statement have failed to state a claim. In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citations omitted). However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint is "frivolous" under § 1915 where there is no subject matter jurisdiction. See *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987).

Where the complaint has been filed by a pro se plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Further, "a pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)) (internal quotation marks omitted).

### B. Subject Matter Jurisdiction

In order to proceed in federal court, Plaintiff's Complaint must establish the existence of subject matter jurisdiction. The Court finds that Plaintiff's Complaint, as currently pled, does not meet this requirement.

There are two bases for original federal subject matter jurisdiction: 1) federal question

3

jurisdiction, and 2) diversity jurisdiction. Plaintiff brings this case on the basis of diversity jurisdiction.[1] Diversity jurisdiction requires complete diversity between the parties – each defendant must be a citizen of a different state from each plaintiff. *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir.2008). 28 U.S.C. § 1331. Plaintiff also must claim damages in excess of $75,000 to properly allege diversity jurisdiction. 28 U.S.C. § 1332(a). Plaintiff has sufficiently alleged diversity of citizenship based on the allegations that he resides in California and Defendant is based in Ohio. Plaintiff has not satisfied the amount-in-controversy requirement, however.

To justify dismissal for failure to adequately allege the $75,000 amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent-A-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Nonetheless, Courts must "scrutinize [a] claim closely" where "a claim for punitive damages makes up the bulk of the amount in controversy." *Davis v. Nuci*, 2011 WL 3503175, at *4 (E.D. Cal., Aug. 10, 2011) (quoting *Anthony v. Security Pac. Fin. Servs.*, 75 F.3d 311, 315 (7th Cir. 1996)). In this case, Plaintiff has not alleged facts that would entitle him to an award of punitive damages. Even if he had, California courts have found that "the imposition of 'grossly excessive or arbitrary' [punitive damages] awards is constitutionally prohibited" under the Fourteenth Amendment due process clause of the United States Constitution. *Simon v. San Paolo U.S. Holding Co., Inc.*, 35 Cal.4th 1159, 1166 (2005) (quoting *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416-417 (2003)).

The Court in *Simon* explained that to determine whether a punitive damages award is constitutional, courts should look to the following constitutional "guideposts":

> (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference

---

[1] The Court notes that in papers attached to his complaint, Plaintiff references generally the Consumer Credit Protection Act, Chapter 41 of Title 15. He does not, however, assert any specific claim in his complaint under that Act.

4

> between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

*Id*. at 1172 (quoting *State Farm Mut. Auto. Ins.*, 538 U.S. at 418). Further, the court in *Simon* found that a ratio of more than 10 to 1 between punitive and compensatory damages is presumed constitutionally excessive in California. *Id*. at 1182 n. 7. Plaintiff here has alleged that he suffered $3,960 in actual damages yet seeks $10,000,000 in punitive damages. In other words, the ratio between the punitive and compensatory damages is more than 2,500 to 1. Such an award is presumptively unconstitutional. Further, even to the extent an award that exceeds the 10 to 1 ratio *might* be constitutional where a plaintiff can allege sufficiently egregious conduct, *see BMW of North America, Inc. v. Gore,* 517 U.S. 559, 582 (1996), Plaintiff has not alleged any facts suggesting Defendants' conduct rises to this level. Finally, because even a 10 to 1 ration would allow for an award of only $39,600 in punitive damages in this case assuming Plaintiff were to prevail on the merits, it is clear to a legal certainty that Plaintiff's complaint does not satisfy the jurisdictional minimum for diversity jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Plaintiff's Complaint for lack of federal jurisdiction based on diversity. Plaintiff shall be permitted to amend his complaint to allege facts or identify federal claims that may establish federal jurisdiction. Plaintiff's amended complaint shall be filed within thirty (30) days of the date of this order. Plaintiff may wish to seek free limited legal assistance from the Federal Pro Bono Project by calling the appointment line (415) 782–9000 x 8657 or signing up for an appointment in the appointment book located outside the door of the Project, located at the San Francisco courthouse on the 15th Floor, Room 2796. Appointments are held Monday through Friday at various times throughout the day. Plaintiff can

speak with an attorney who will provide basic legal help, but not legal representation. If Plaintiff does not timely file an amended complaint the Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: October 11, 2013

_____
JOSEPH C. SPERO
United States Magistrate Judge