United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES K. CASON,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA CHECK CASHING STORES,<br><br>        Defendant. | Case No.  C-14-00630 JCS<br>Related Case No. C-13-03388 JCS<br><br>**ORDER TO SHOW CAUSE** |

This case is related to an earlier case, Case No. 13-03388 JCS ("*Cason I*").  The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).  In *Cason I*, the undersigned found that there was no subject matter jurisdiction over Plaintiff's claims, which are essentially the same as the claims asserted in Case No. 14-00630 ("*Cason II*").  On October 11, 2013, the Court issued an order dismissing Plaintiff's complaint in *Cason I* with leave to amend within 30 days.  Mr. Cason did not amend the complaint and on December 3, 2013, this Court erroneously entered final judgment against Plaintiff in *Cason I*.

The Ninth Circuit has held that it is "well settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter. . . ." *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) (quotations and citations omitted).  Further, where the court discovers that a judgment is void, it may vacate the judgment, *sua sponte,* pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, so long as the party that obtained the judgment is first given notice and an opportunity to be heard. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999).  Finally, to the extent  Defendant argues in its pending motion to dismiss that *Cason II* is subject to dismissal under the doctrine of *res judicata*,  that argument fails if the judgment in *Cason I* is vacated.

1    Therefore, Defendant is ORDERED TO SHOW CAUSE why the Court should not vacate
2 the final judgment that was entered in *Cason I*. Defendant is further ORDERED TO SHOW
3 CAUSE why this action, *Cason II*, should not be remanded to state court for lack of subject matter
4 jurisdiction. As Defendant argued in its motion, Plaintiff has asserted no cognizable federal claim
5 in *Cason II*. In addition, for the reasons set forth in its order of dismissal in *Cason I* (Case No. C-
6 13-03388 JCS, Docket No. 9), it is clear from the face of Plaintiff's complaint in *Cason II* that the
7 amount in controversy requirement for diversity jurisdiction is not met.
8    A show cause hearing is set for **Friday, April 4, 2014 at 2 p.m**. to be held concurrently
9 with the motion hearing and case management conference, which are already set for the same time
10 and date. Defendant shall be permitted to file a brief, not to exceed 10 pages, addressing the
11 issues raised in this Order no later than **Wednesday, April 2, 2014**.
12    **IT IS SO ORDERED.**

14 Dated: March 28, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge