UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES K. CASON,<br><br>            Plaintiff,<br><br>    v.<br><br>CALIFORNIA CHECK CASHING STORES,<br><br>            Defendant. | Case No.  C-14-00630 JCS<br>Related Case No. C-13-03388 JCS<br><br>**ORDER VACATING JUDGMENT IN CASE NO. C-13-03388 JCS AND REMANDING CASE NO. C-14-00630 JCS TO STATE COURT** |

## I. INTRODUCTION

On February 28, 2014, Defendant California Check Cashing Stores filed a Motion to Dismiss Plaintiff's Complaint under Rule 12(b)(6) for Failure to State a Claim ("Motion to Dismiss") seeking dismissal of Plaintiff's complaint with prejudice. Subsequently, the undersigned issued an Order to Show Cause why it should not vacate the judgment it previously entered in Related Case No. C-13-03388 JCS on the basis that the judgment in that case was entered in error and remand Case No. C-14-00630 to state court. A hearing was held on Friday, April 4, 2014 at 2:00 p.m. For the reasons stated below, the Court vacates the judgment that was entered in Related Case No. C-13-03388 JCS [Docket No. 10] and remands Case No. C-14-00630 JCS to the Alameda County Superior Court.[1] The Court does not rule on Defendant's Motion to Dismiss.

## II. BACKGROUND

This case is related to an earlier case, Case No. C-13-03388 JCS ("*Cason I*"). In *Cason I*, Plaintiff asserted jurisdiction on the basis of diversity; he did not check the box for "federal

---

[1] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

question jurisdiction" on his form complaint.[2] On October 11, 2013, the Court issued an order ("the October 11 Dismissal Order") dismissing Plaintiff's complaint in *Cason I*. The undersigned found that there was no subject matter jurisdiction over Plaintiff's claims because the amount-in-controversy requirement for diversity jurisdiction was not met. Case No. C-13-3388 JCS, Docket No. 9. Although there was a passing reference to "15 USC Chapter 41, Consumer Credit Protection" in a Notice of Intent that was attached as an *exhibit* to the Complaint (hereinafter, "Notice of Intent"), the Court noted that Plaintiff did not assert any specific claim under the Consumer Credit Protection Act in his complaint. Therefore, the Court did not address the question of whether Plaintiff might be able to establish subject matter jurisdiction on the basis of a federal question. Because the Court lacked subject matter jurisdiction, the Court did not address whether any of Plaintiff's claims were sufficiently pled under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court dismissed the complaint with leave to amend within 30 days. Mr. Cason did not amend the complaint. On December 3, 2013, this Court erroneously entered final judgment against Plaintiff in *Cason I*.[3]

On December 31, 2013, Plaintiff filed another action ("*Cason II*"), in Alameda Superior Court, based on the same events as were at issue in *Cason I*. The form complaint listed the following (state law) claims: breach of contract, breach of warranty, coercion, negligent infliction of emotional distress and intentional infliction of emotional distress. The same Notice of Intent (discussed above) was attached as an exhibit to the complaint in the state court action – along with many other exhibits. Invoking the reference to "15 USC Chapter 41, Consumer Credit Protection" in the Notice of Intent, Defendant removed the action to federal court on the basis of federal question jurisdiction. Defendant subsequently brought the instant Motion to Dismiss asserting that: 1) Plaintiff's complaint was barred under the doctrine of res judicata because judgment had been entered in *Cason I*; 2) Plaintiff's complaint lacks a cognizable federal action; and 3) the state

---

[2] The factual allegations in *Cason I* are set forth in the Court's October 11, 2013 order dismissing that case and therefore are not repeated here.
[3] Defendant suggests the Court may have entered judgment as a sanction under its inherent powers for failure to prosecute. In fact, the entry of judgment in Case No. C-13-03388 JCS was not intended as a sanction for failure to prosecute but was merely a clerical error.

2

1   law claims are insufficiently pled.

2   On March 28, 2014, the Court issued an Order to Show Cause why: 1) the judgment in
3   *Cason I* should not be vacated; and 2) *Cason II* should not be remanded to state court. Defendant
4   filed a response on April 2, 2014. Defendant responded that the judgment in *Cason I* was proper
5   to the extent it was entered as a sanction based on Plaintiff's failure to amend his complaint in the
6   earlier action. Defendant further argued that *Cason II* should not be remanded because Plaintiff
7   asserts a claim under the Consumer Credit Protection Act even if it is not sufficiently alleged.

**III.    ANALYSIS**

### A.    Whether the Court Should Vacate the Judgment in *Cason I*

The Ninth Circuit has held that it is "well settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter. . . ." *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir. 1985) (quotations and citations omitted). Further, where the court discovers that a judgment is void, it may vacate the judgment, *sua sponte,* pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, so long as the party that obtained the judgment is first given notice and an opportunity to be heard. *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999). In the October 11 Dismissal Order, the Court specifically found that it lacked subject matter jurisdiction over *Cason I*. Accordingly, the Court did not have the authority to enter judgment against Plaintiff. Having considered Defendant's response to the Court's Order to Show Cause, the Court concludes that the judgment in *Cason I* is void and therefore VACATES the judgment that was entered in that action under Rule 60(b) of the Federal Rules of Civil Procedure.

### B.    Whether the Court Should Remand *Cason II* to State Court

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction

must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citations omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id*. (citations omitted). Where removal jurisdiction is lacking, the district court must remand the action to state court. 28 U.S.C. § 1447(b) ("[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. *Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 808 (1986). "Federal courts have repeatedly held that vague, ambiguous, or passing references to federal law in a complaint are not sufficient to support removal based on federal question jurisdiction." *Shelley's Total Body Works v. City of Auburn*, 2007 WL 765205, at *2 (W.D.Wash., March 9, 2007) (citing *Casey v. Midwest Title Serv., Inc*., 2006 WL 2862457 at *2 (N.D .Okla. Oct. 4, 2006) ("Vague references to federal law in the complaint and notice of removal will not suffice to create federal question jurisdiction"); *Patterson v. Campbell*, 2006 WL 354974 at *3 (M.D.Tenn. Feb. 14, 2006) ("ambiguity defeats removal"); *Maguire v. Telcom Global Solutions*, 2003 WL 124475 at *3 (N.D.Tex. Jan. 10, 2003) ("vague reference to federal law is simply insufficient to satisfy [Defendant's] burden of establishing that this case involves a federal question"); *Matthews v. Stewart*, 207 F.Supp.2d 496, 499 (M.D.La.2001) ("In this court of limited jurisdiction, a passing reference to federal laws is insufficient to confer jurisdiction"); *Rabinowitz v. Benson*, 1992 WL 309808 at *1 (S.D.N.Y.1992) (removal improper where "complaint made only a vague reference to federal law, without specifically alleging a cause of action" under federal law)).

Defendant removed *Cason II* from state court on the basis that Plaintiff asserted a federal claim. It is clear from the face of the complaint, however, that Plaintiff asserted only state law claims. "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n. 6 (1986). The only reference to any federal statute is the passing reference to "15 USC Chapter 41, Consumer Credit Protection" in an

4

1 *exhibit* to the complaint.   As discussed above, however, the existence of a federal question is
2 determined from the face of the complaint.  Further, the reference is so vague and ambiguous that
3 it would not give rise to federal question jurisdiction even if it were contained in the body of the
4 complaint rather than an exhibit.   Accordingly, the Court concludes that there is no removal
5 jurisdiction of this action, which must be remanded to the state court where it was originally filed.

## IV.   CONCLUSION

For the reasons stated above, the Court VACATES the judgment previously entered in Related Case No. C-13-03388 JCS, Docket No. 10.   The Court REMANDS Case No. C-14-00630 JCS to the Superior Court for the County of Alameda.

**IT IS SO ORDERED.**

Dated:  April 4, 2014

_____
JOSEPH C. SPERO
United States Magistrate Judge